RECEIVED BY MAIL
NOV 17 2003
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
STATE COURT OF MISSOURI

| | |
|---|---|
| CHRISTIANE WIBRACHT individually and as Personal Representative of the Estate of STEVEN WIBRACHT Deceased<br><br>Plaintiff,<br><br>vs.<br><br>RON SHIRLEY,<br>Serve at: 1005 Compton<br>Wichita, KS 67212<br><br>AND<br><br>JOHN DAVIS,<br>Serve at: 1015, E. 6th St.<br>Douglass, KS 67039<br><br>AND<br><br>INTERNATIONAL ASSOCIATION OF NITROX DIVERS, INC. *d/b/a* IANTD<br>Serve at: Thomas Warren Mount<br>1545 NE 104 Street<br>Miami Shores, FL 33138<br><br>Defendants. | Case No.: 403CV1594CEJ<br><br><br><br><br><br><br><br><br>**AMENDED COMPLAINT FOR WRONGFUL DEATH**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, CHRISTIANE WIBRACHT, individually and as Personal Representative of the Estate of STEVEN WIBRACHT, Deceased, who files her Complaint against Defendants RON SHIRLEY, JOHN DAVIS, and the INTERNATIONAL ASSOCIATION OF NITROX DIVERS, INC., *d/b/a* IANTD and alleges:

## JURISDICTION

1. The within action by Plaintiff, CHRISTIANE WIBRACHT is for wrongful death and survival damages within the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

2. The within action by Plaintiff is for wrongful death and survival damages involving, exclusive of interest and costs, a sum in excess of $75,000.00.

3. Plaintiff is a resident of St. Louis County, Missouri and therefore, venue in the Eastern District of Missouri is proper to the Complaint.

## RIGHTS AND REMEDIES

3. The within action is based on wrongful death and survival damages under the law of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537.

## IDENTIFICATION OF THE PARTIES

**Plaintiff**

4. Plaintiff, CHRISTIANE WIBRACHT is the surviving spouse of STEVEN WIBRACHT, Deceased and the Personal Representative (Administratrix) of the Estate of STEVEN WIBRACHT.

5. At all material times, Decedent was a resident and citizen of the State of Missouri.

6. At all material times, Plaintiff was, and is, a resident of the State of Missouri.

7. Plaintiff, CHRISTIANE WIBRACHT, files her lawsuit on her behalf individually, on behalf of all other class one beneficiaries as contemplated by the Missouri

Wrongful Death Act, and in her capacity as Personal Representative (Administratrix) of the Estate of Decedent WIBRACHT.

### Defendant IANTD

8. At all material times, Defendant INTERNATIONAL ASSOCIATION OF NITROX DIVERS, INC., *d/b/a* IANTD ("Defendant IANTD") was, and is, a foreign corporation doing business in the state of Missouri within the jurisdiction of this Court.

10. At all material times, Defendant IANTD was, and was held out to be, a scuba diving certification and training agency in the business of providing training, instruction, and supervision services, to include the promulgation of standards, policies, and procedures, and the promotion of certain gear configurations and practices, through a network of IANTD certified instructors, facilities, and training programs under its direction and control.

### Defendant, RON SHIRLEY

11. At all material times, RON SHIRLEY ("Defendant SHIRLEY") was or is a resident of the State of Kansas.

12. At all material times, Defendant, RON SHIRLEY was, and was held out to be, an IANTD certified scuba diving instructor and an agent, servant, and/or employee of Defendant, IANTD.

### Defendant, JOHN DAVIS

13. At all material times, Defendant, JOHN DAVIS ("Defendant DAVIS") was, and is, a resident and citizen of the State of Kansas and a certified scuba instructor doing business within the jurisdiction of this Court.

## VENUE

14. Venue is proper before this Court since the accident occurred within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

15. On August 23, 2001, Decedent, STEVEN WIBRACHT perished during a scuba diving accident which occurred in Pulaski County, State of Missouri.

16. At the time of the accident, Decedent was a participant in a scuba diving class operated by Defendants SHIRLEY and IANTD.

17. A three-man scuba diving party consisting of Decedent WIBRACHT and Defendants SHIRLEY and DAVIS entered Roubidoux Cave in Waynesville, Missouri, Pulaski County.

18. At the time of his death, Decedent WIBRACHT was a student of Defendants SHIRLEY and IANTD in a "Trimix" technical scuba diving training course and had been "Buddied" with Defendant DAVIS.

19. On information and belief, Decedent WIBRACHT experienced an emergency during the course of the "Trimix" training dive in a cave located at Roubidoux Springs.

20. On information and belief, Defendant DAVIS, after having acted with Defendant SHIRLEY in such a manner during the above-described underwater emergency so as to bring Decedent WIBRACHT into a worsened position of imminent peril necessitating rescue, abandoned Decedent WIBRACHT and proceeded to the surface.

**Decedent WIBRACHT:**

21. Up until the time of his death, Decedent WIBRACHT had been an able-bodied man with a substantial earning capacity and the prospects for advancement and increased

earnings capacity.

22. Plaintiff and the other class one beneficiaries were financially dependent upon Decedent WIBRACHT and have been caused to suffer catastrophic economic and non-economic damages as a result of the death of Decedent WIBRACHT.

23. Plaintiff and her two daughters are class one beneficiaries within the meaning of the Missouri Wrongful Death Act, Chapter 537, RS MO, *et. seq.*

**Joint and Several Liability**

24. Defendants RON SHIRLEY, JOHN DAVIS and IANTD are jointly and severally liable under the Missouri Wrongful Death Act, Chapter 537, RS MO, *et. seq.* for the damages in the within actions.

## COUNT I
## NEGLIGENCE OF DEFENDANT IANTD

25. Plaintiff, CHRISTIANE WIBRACHT references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

26. At all material times, Defendant IANTD, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT to:

    a. Promulgate, ensure compliance with, and/or provide instruction on adequate scuba diving standards, policies, and/or procedures;

    b. Hire, train, and/or retain employees who were sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

    c. Certify, train, and/or retain scuba diving instructors who were sufficiently competent, adequately trained, physically capable, and/or properly qualified and/or equipped;

    d. Certify and/or supervise instructional facilities that were sufficiently competent, qualified, and/or equipped; and

earnings capacity.

22. Plaintiff and the other class one beneficiaries were financially dependent upon Decedent WIBRACHT and have been caused to suffer catastrophic economic and non-economic damages as a result of the death of Decedent WIBRACHT.

23. Plaintiff and her two daughters are class one beneficiaries within the meaning of the Missouri Wrongful Death Act, Chapter 537, RS MO, *et. seq.*

**Joint and Several Liability**

24. Defendants RON SHIRLEY, JOHN DAVIS and IANTD are jointly and severally liable under the Missouri Wrongful Death Act, Chapter 537, RS MO, *et. seq.* for the damages in the within actions.

## COUNT I
## NEGLIGENCE OF DEFENDANT IANTD

25. Plaintiff, CHRISTIANE WIBRACHT references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

26. At all material times, Defendant IANTD, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT to:

    a. Promulgate, ensure compliance with, and/or provide instruction on adequate scuba diving standards, policies, and/or procedures;

    b. Hire, train, and/or retain employees who were sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

    c. Certify, train, and/or retain scuba diving instructors who were sufficiently competent, adequately trained, physically capable, and/or properly qualified and/or equipped;

    d. Certify and/or supervise instructional facilities that were sufficiently competent, qualified, and/or equipped; and

      e.      Warn of the dangerous conditions created by its breaches of the above duties.

27.      At all times material, it was foreseeable that a breach of the aforementioned duties would create a zone of risk and an increased risk of harm to Decedent WIBRACHT.

28.      Defendant IANTD, through its agents, servants, and/or employees, breached the aforesaid duties by committing one or more of the following negligent, grossly negligent and reckless acts:

      a.      Failing to use the highest degree of care owed decedent under the law to promulgate, ensure compliance with, and/or provide instruction on adequate scuba diving standards, policies, and/or procedures;

      b.      Failing to use the highest degree of care owed decedent under the law by promulgating and/or providing instruction on inadequate and/or unreasonably dangerous scuba diving standards, policies, and/or procedures;

      c.      Failing to use the highest degree of care owed decedent under the law to promote and/or provide instruction on adequate scuba diving equipment and gas configurations;

      d.      Failing to the highest degree of care owed decedent under the law by promoting and/or providing instruction on inadequate and/or unreasonably dangerous scuba diving equipment and gas configurations;

      e.      Failing to use the highest degree of care owed decedent under the law to develop and/or enforce a reasonable quality assurance or similar type of program to ensure that its instructional programs were not unreasonably dangerous;

      f.      Failing to hire employees who were sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

  g. Failing to adequately investigate the educational, employment experience, ability, and/or training of its employees to determine their competence;

  h. Failing to ensure that its employees were competent, by virtue of their education, employment experience, ability, and/or training;

  i. Failing to train its employees to ensure they were sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

  j. Retaining its employees after it knew or, through the exercise of reasonable diligence, should have known that they were not sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

  k. Failing to certify diving instructors who were sufficiently competent, adequately trained, physically capable, and/or properly qualified and/or equipped;

  l. Failing to adequately investigate the educational, employment experience, ability, physical capabilities, and/or training of the diving instructors it certified to determine their competence;

  m. Failing to ensure that the diving instructors it certified were competent, by virtue of their education, employment experience, ability, physical capabilities, and/or training;

  n. Failing to train the diving instructors it certified to ensure they were sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

  o. Retaining scuba diving instructors it certified after it knew or, through the exercise of reasonable diligence, should have known that they were not sufficiently competent, adequately trained, physically capable, and/or properly qualified and/or equipped;

  p. Failing to certify instructional facilities that were sufficiently competent, qualified, and/or equipped;

  q. Failing to adequately investigate and/or monitor the instructional facilities it certified;

  r. Failing to ensure that the instructional facilities it certified were sufficiently competent, qualified, and/or equipped;

  s. Retaining instructional facilities it certified after it knew or, through the exercise of reasonable diligence, should have known that they were not sufficiently competent, qualified, and/or equipped; and

  t. Failing to use reasonable care to warn of the dangerous conditions created by the above breaches of duties.

  29. At all material times, Defendant IANTD, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT which were breached

  30. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

  WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury, and requests this Court enter judgments against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537 RS MO, *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT II

### NEGLIGENT MISREPRESENTATIONS BY DEFENDANT IANTD

31. Plaintiff, CHRISTIANE WIBRACHT references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

32. At all material times, Defendant IANTD, through its agents, servants, and/or employees, negligently misrepresented as material fact to Decedent WIBRACHT that it would:

   a. Promulgate, ensure compliance with, and/or provide instruction on adequate scuba diving standards, policies, and/or procedures;

   b. Hire, train, and/or retain employees who were sufficiently competent, adequately trained, and/or properly qualified and/or equipped;

   c. Certify, train, and/or retain scuba diving instructors who were sufficiently competent, adequately trained, physically capable, and/or properly qualified and/or equipped;

   d. Certify and/or supervise instructional facilities that were sufficiently competent, qualified, and/or equipped; and

   e Warn of the dangerous conditions created by its breaches of the above duties.

33. Defendant IANTD, through its agents, servants, and/or employees, made said negligent misrepresentations of material fact to Decedent WIBRACHT in its business capacity with the intent to induce his reliance upon such representations.

34. Decedent WIBRACHT justifiably and reasonably relied upon the aforesaid negligent misrepresentations of material fact.

35. Defendant IANTD, through its agents, servants, and/or employees, made the aforesaid negligent misrepresentations of material fact which it knew, or through the exercise of reasonable diligence should have known, were false.

36. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury and requests this Court enter judgment against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537 RS MO, *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT III

### NEGLIGENCE OF DEFENDANT SHIRLEY

37. Plaintiff, CHRISTIANE WIBRACHT, references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

38. At all material times, Defendant SHIRLEY owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT to:

    a. Provide proper scuba diving training, equipment, gas, instruction, and/or supervision; and

    b. Warn of the dangerous conditions created by his breaches of the above duties.

39. At all times material, it was foreseeable that a breach of the aforementioned duties would create a zone of risk and an increased risk of harm to Decedent WIBRACHT.

40. Defendant SHIRLEY breached the aforesaid duties by committing one or more of the following negligent, grossly negligent and careless acts:

a.      Failing to use the highest care owed decedent under the law to properly and/or adequately train, instruct, and/or supervise;

b.      Failing to use the highest care owed decedent owed decedent under the law to properly and/or adequately prepare and monitor the mixed gas breathing mixtures used by the team and/or physical condition of Decedent WIBRACHT;

c.      Failing to use the highest degree of care owed decedent under the law to provide proper and/or adequate written materials;

d.      Failing to use the highest degree of care owed decedent under the law to properly and/or adequately plan and/or conduct the scuba dive in question;

e.      Failing to use the highest degree of care owed decedent under the law to properly and/or adequately choose the location of the scuba dive in question;

f.      Failing to use the highest degree of care owed decedent under the law in taking Decedent WIBRACHT too deep;

g.      Failing to insure Decedent, WIBRACHT's, competency with a dive propulsion vehicle;

h.      Failing to properly instruct Decedent, WIBRACHT, in the use of a dive propulsion vehicle;

i.      Failing to insure Decedent, WIBRACHT's, competency with a dry suit;

j.      Failing to use adequate gas management rules;

k.      Failing to provide adequate supervision and control;

l.      Failing to use the highest degree of care owed decedent under the law to provide proper and/or adequate rescue;

m.      Failing to provide adequate first aid;

  n. Failing to use the highest degree of care owed decedent under the law to properly and/or adequately promote, follow, and/or provide proper and/or adequate instruction on scuba diving policies and procedures;

  o. Failing to use care by promoting, following, and/or providing instruction on inadequate and/or unreasonably dangerous scuba diving policies and procedures;

  p. Failing to use the highest degree of care owed decedent under the law to warn of the dangerous conditions created by the above breaches of duties;

  q. Failing to maintain control over Decedent at all relevant times; and

  r. Over-stressing and over-exerting Decedent.

41. At all material times, Defendant SHIRLEY owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT.

42. Defendant SHIRLEY breached the aforesaid duties owed to Decedent WIBRACHT

43. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury, and requests this Court enter judgments against all Defendants jointly and severally for all wrongful death and survival damages provided for under laws of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537 RS MO, *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT IV

## NEGLIGENT MISREPRESENTATIONS BY DEFENDANT SHIRLEY

44. Plaintiff, CHRISTIANE WIBRACHT, references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

45. At all material times, Defendant SHIRLEY negligently misrepresented as material fact to Decedent WIBRACHT that he would:

    a. Provide proper scuba diving training, equipment, gas, instruction, and/or supervision; and

    b. Warn of the dangerous conditions created by his breaches of the above duties.

46. Defendant SHIRLEY made said negligent misrepresentations of material fact in his business capacity with the intent to induce reliance upon such representations.

47. Decedent WIBRACHT justifiably and reasonably relied upon the aforesaid negligent misrepresentations of material fact.

48. Defendant SHIRLEY made the aforesaid negligent misrepresentations of material fact which he knew, or through the exercise of reasonable diligence should have known, were false.

49. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff, CHRSTIANE WIBRACHT, demands trial by jury and requests this Court enter judgment against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without

limitation the Missouri Wrongful Death Act, Chapter 537 RS MO *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT V

### NEGLIGENCE OF DEFENDANT DAVIS

50. Plaintiff, CHRISTIANE WIBRACHT references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

51. At all material times, Defendant DAVIS owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT to:

    a. Act as a "Dive Buddy" to Decedent WIBRACHT commensurate with his level of scuba dive training, education, and/or experience; and

    b. Warn of the dangerous conditions created by his breach of the above duty.

52. At all material times, Defendant DAVIS voluntarily undertook and assumed duties to Decedent WIBRACHT to exercise the highest degree of care to provide a proper rescue commensurate with his level of scuba dive training, education, and/or experience.

53. At all times material, it was foreseeable that a breach of the aforementioned duties would create a zone of risk and an increased risk of harm to Decedent WIBRACHT.

54. Defendant DAVIS breached the aforesaid duties by committing one or more of the following negligent, grossly negligent and reckless acts:

    a. Failing to act as a "Dive Buddy" to Decedent WIBRACHT commensurate with his level of scuba dive training, education, and/or experience;

    b. Failing to warn of the dangerous conditions created by his breach of the above duty; and

c. Failing to exercise the highest care owed decedent under the law to provide a proper rescue commensurate with his level of scuba dive training, education, and/or experience.

d. Failing to dive with the same gas mixture as decedent and defendant Shirley.

55. At all material times, Defendant DAVIS owed and/or voluntarily undertook and assumed duties to Decedent WIBRACHT.

56. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury, and requests this Court enter judgments against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537 RS MO *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT VI

### NEGLIGENT MISREPRESENTATIONS BY DEFENDANT DAVIS

57. Plaintiff, CHRISTIANE WIBRACHT, references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

58. At all material times, Defendant DAVIS negligently misrepresented as material fact to Decedent WIBRACHT that he would:

a. Act as a "Dive Buddy" commensurate with his level of scuba dive

training, education, and/or experience; and

    b.  Warn of the dangerous conditions created by his breach of the above duty.

59. Defendant DAVIS made said negligent misrepresentations of material fact with the intent to induce reliance upon such representations.

60. Decedent WIBRACHT justifiably and reasonably relied upon the aforesaid negligent misrepresentations of material fact.

61. Defendant DAVIS made the aforesaid negligent misrepresentations of material fact which he knew, or through the exercise of reasonable diligence should have known, were false.

62. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury and requests this Court enter judgment against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537 RS MO, *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

### COUNT VII

### BREACH OF CONTRACT BY DEFENDANTS IANTD, SHIRLEY AND DAVIS

63. Plaintiff, CHRISTIANE WIBRACHT, references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

64. On or before August 23, 2003, Defendants IANTD and SHIRLEY, individually and/or through their agents, servants, and/or employees, entered into a written, oral, and/or implied agreements with Decedent WIBRACHT, in exchange for valuable consideration, to provide safe scuba diving instruction.

65. The originals and copies, if any, of any written agreements are not in the possession, custody, or control of Plaintiff, CHRISTIANE WIBRACHT, at this time, but are believed to be in the possession, custody, or control of Defendants IANTD and/or SHIRLEY.

66. Decedent WIBRACHT performed any conditions precedent which they were required to perform under the aforesaid agreements.

67. Any conditions precedent which Decedent WIBRACHT was required to perform under the aforesaid agreements have occurred or have been waived.

68. Defendants IANTD and SHIRLEY, through their agents, servants, and/or employees, failed to perform the aforesaid agreement to provide safe scuba diving instruction.

69. As a direct and proximate result of the breach of the aforementioned duties, Decedent WIBRACHT was caused to perish and to experience conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury, and requests this Court enter judgments against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without limitation by the Missouri Wrongful Death Act, Chapter 537 RS MO, *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT VIII

### VICARIOUS LIABILITY OF DEFENDANT IANTD BASED ON ACTUAL OR APPARENT AGENCY, AND/OR JOINT VENTURE

70.     Plaintiff, CHRISTIANE WIBRACHT, references, incorporates, and realleges the allegations of Paragraphs 1 through 24 as fully as if set forth herein.

71.     At all material times, Defendant SHIRLEY:

a.     Was the actual agent and/or apparent agent of Defendant IANTD;

b.     Was involved in a joint venture with Defendant IANTD;

c.     Was controlled and/or subject to the control Defendant IANTD;

d.     Acted on behalf of Defendant IANTD; and/or

e.     Acted in the course and scope of his employment, agency, and/or joint venture with Defendant IANTD.

72.     At all material times, Defendant IANTD, through its agents, servants, and/or employees:

a.     Was involved in an agency and/or joint venture with Defendant SHIRLEY;

b.     Held out Defendant SHIRLEY as if he was the actual agent and/or apparent agent of Defendant IANTD; and/or

c.     Cloaked Defendant SHIRLEY with apparent authority.

73.     At all material times hereto, the actions of Defendant IANTD, through its agents, servants, and/or employees, caused Decedent WIBRACHT to justifiably rely upon the belief that Defendant SHIRLEY acted with the:

a.     Actual authority of Defendant IANTD;

b.     Apparent authority of Defendant IANTD; and/or

c.  Ratification of Defendant IANTD.

74. At all material times, the negligence of Defendant SHIRLEY was, and is, by virtue of the aforementioned employment, actual and/or apparent agency, and/or joint venture, imputable to Defendant IANTD.

75. At all material times, Defendant IANTD was, and is, by virtue of the aforementioned employment, actual and/or apparent agency, and/or joint venture, vicariously liable the negligence of Defendant SHIRLEY.

WHEREFORE, Plaintiff, CHRISTIANE WIBRACHT, demands trial by jury and requests this Court enter judgment against all Defendants jointly and severally for all wrongful death and survival damages provided for under the laws of the State of Missouri including without limitation the Missouri Wrongful Death Act, Chapter 537 RS MO, *et. seq.*, to include all economic and non-economic damages along with pre-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTIANE WIBRACHT demands trial by jury on all issues so triable as of right.

Dated:   November 13, 2003

Respectfully submitted,

ALVIN WOLFF, JR. & ASSOCIATES

By: _____
Alvin A. Wolff, USDC Bar #8791
2726 S. Brentwood Boulevard
Brentwood, MO 63144
Telephone: (314) 918-8008
Facsimile: (314) 918-8036
*Counsel for Plaintiff,*
*Christiane Wibracht*