UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIANE WIBRACHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 403CV01594CEJ |
| | ) | |
| v. | ) | |
| | ) | |
| RON SHIRLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SEPARATE ANSWER OF DEFENDANT
INTERNATIONAL ASSOCIATION OF NITROX DIVERS, INC.
<u>AND DEMAND FOR JURY TRIAL</u>**

Defendant International Association of Nitrox Divers, Inc. (hereafter "IANTD") and

answers plaintiff's Amended Complaint as follows:

1.      Plaintiff's Amended Complaint fails to state a claim against this defendant

upon which relief can be granted.

2.      It is without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraphs numbered 1, 3, 5, 6, 13, 16, 17, 18, 19, 20, 21, 22

and 23, and therefore denies the same.

3.      In response to paragraph numbered 2, it admits that plaintiff has filed an

Amended Complaint for wrongful death; otherwise, it is without knowledge or

information sufficient to form a belief as to the truth, meaning or intent of the remaining

allegations contained in paragraph 2 of plaintiff's Amended Complaint and therefore,

denies the same.

1

4.      It objects to paragraph numbered 3 [sic] (the second paragraph numbered 3) because it calls for a legal conclusion.  Without waiving its objections and subject thereto, it responds as follows.  It admits that plaintiff has filed a Amended Complaint for wrongful death; otherwise, it is without knowledge or information sufficient to form a belief as to the truth, meaning or intent of the remaining allegations contained in paragraph 3 [sic] (the second paragraph numbered 3) of plaintiff's Amended Complaint and therefore, denies the same.

5.      In response to paragraph numbered 7, it admits that plaintiff Christiane Wibracht is named as a plaintiff individually and as the personal representative of the Estate of Steven Wibracht.  It further admits Missouri has a wrongful death statute; otherwise, it is without knowledge or information sufficient to form a belief as to the truth, meaning or intent of the remaining allegations contained in paragraph 7 of plaintiff's Amended Complaint and therefore, denies the same.

6.      It admits the averments in paragraphs numbered 8 and 11.

7.      In response to paragraph numbered 10, it admits that IANTD is a scuba diving certification and training agency, in the business of providing training and instruction; otherwise, it is without knowledge or information sufficient to form a belief as to the truth, meaning or intent of the remaining allegations contained in paragraph 10 of plaintiff's Amended Complaint and therefore, denies the same.

8.      In response to paragraph numbered 12, it admits that Ron Shirley was an IANTD certified scuba diving instructor; otherwise, it denies the remaining averments contained in paragraph numbered 12.

2

9.      In response to paragraph numbered 14, it denies that venue is proper in the Eastern District of Missouri.  Because the accident occurred in Pulaski County, Missouri, venue is proper in the Western District of Missouri.  28 U.S.C. § 105.

10.     In response to paragraph numbered 15, it admits that Steven Wibracht died on or about August 23, 2001 in Pulaski County, Missouri; otherwise, it is without knowledge or information sufficient to form a belief as to the truth, meaning or intent of the remaining allegations contained in paragraph 15 of plaintiff's Amended Complaint and therefore, denies the same.

11.     It denies the averments in paragraph numbered 24.

### ANSWER TO COUNT I

12.     Count I of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

13.     In response to paragraph numbered 25 of Count I, IANTD incorporates its responses and affirmative defenses as set forth above.

14.     In response to paragraph numbered 26 including all sub-parts, it admits that IANTD trains and certifies scuba diving instructors; otherwise it denies the remaining averments in paragraph numbered 26, including all sub-parts.

15.     It denies the averments contained in paragraphs numbered 27, 28 and all sub-parts, 29 and 30.

16.     Further answering, defendant states that if it is determined that plaintiff suffered any injury or damage, which it specifically denies, all such injury or damages were directly caused or contributed to be caused by the negligent acts, omissions or fault of decedent or others for whose acts this defendant is not liable.  Plaintiff is

3

therefore barred from recovery from IANTD herein or, in the alternative, the amount of any recovery by plaintiff against IANTD must be reduced in proportion to such fault.

17.     Further answering, Defendant IANTD states that any recovery by Plaintiff should be reduced in proportion to the decedent's or Plaintiff's failure to mitigate their loss or damages.

18.     Further answering, Defendant IANTD states that it is entitled to set off in relation to payments made to Plaintiff or persons similarly situated, for monies received due to the death of decedent Wibracht.

19.     Further answering, Defendant IANTD states that  each and every claim in Plaintiff's Amended Complaint is precluded and barred by the doctrines of assumption of the risk, consent and release.

20.     Further answering, Defendant IANTD states that decedent's death and Plaintiff's alleged injuries and damages were solely caused or contributed to by decedent, not by the Defendant, its  agents, servants, employees or anyone for whom it was responsible.

21.     Further answering, Defendant IANTD states that decedent's death and Plaintiff's alleged injuries and damages, were actively, directly, primarily and proximately contributed to and caused by abnormal and unforeseeable use, misuse and abuse of the scuba equipment in question.

22.     For further answer and affirmative defense, Defendant IANTD states that decedent's injuries and death and claimed injuries and damages to Plaintiff as alleged in the Amended Complaint, are a proximate result of unforeseeable intervening causes

4

over which Defendant had no control and for which Defendant is not responsible or liable.

23.    For further answer and affirmative defense, Defendant IANTD states that decedent waived any cause of action against this Defendant by the failure and refusal to inform Defendant, or anyone else, of his physical and/or mental condition prior to the alleged incident.

24.    For further answer and affirmative defense, Defendant IANTD states that decedent knew of the dangers of technical scuba diving and cave diving, and also knowing his physical and/or mental condition, decedent assumed the risk of injury or death by participating in that activity.

25.    Further answering, Defendant IANTD alleges that he owed no duty to decedent, but avers that if any duty was owed, Defendant fully complied with his obligations, and also that prior to the dive, decedent executed a Release of Liability in favor of Defendants.

26.    Further answering, Defendant IANTD states that Plaintiff's claims are precluded by the acts and omissions of decedent, which are sufficient to constitute the equitable doctrines of wavier, laches and estoppel.

27.    Further answering, Defendant IANTD states that Plaintiff's recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

28.    Further answering, Defendant IANTD alleges that Plaintiff is completely barred from recovery because the alleged injuries and damages resulted from the decedent's participation in an active sport, namely technical scuba diving inside a cave

5

and Defendant neither intentionally injured decedent nor engaged in conduct so reckless as to fall outside the range of ordinary activity involved in that sport.  Therefore, Defendant owes no duty to protect decedent from the particular risk of harm that caused his death.

29.     Further answering, plaintiff's wrongful death claim is barred by the statute of limitations.  Plaintiff failed to timely file the action within the statute of limitations for Missouri's Wrongful Death Act.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor on Count I of plaintiff's Amended Complaint and against defendant for costs, and for such other relief as the Court deems just and proper.

## ANSWER TO COUNT II

30.     Count II of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

31.     In response to paragraph numbered 31 of Count II, IANTD incorporates its responses and affirmative defenses as set forth above.

32.     It denies paragraphs numbered 32 and all sub-parts, 33, 35 and 36.

33.     It objects to paragraph numbered 34 because it is argumentative.  Without waiving its objections and subject thereto it states the following.  It denies that IANTD made misrepresentations of material fact; otherwise, it is without knowledge or information sufficient to form a belief as to the truth, meaning or intent of the remaining allegations contained in paragraph 34 of plaintiff's Amended Complaint and therefore, denies the same.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor on Count II of plaintiff's Amended Complaint for costs, and for such other relief as the Court deems just and proper.

## ANSWER TO COUNT III

34.     Count III of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

35.     In response to paragraph numbered 37 of Count II, IANTD incorporates its responses and affirmative defenses as set forth above.

36.     Count III of Plaintiff's Amended Complaint appears to be directed at defendant Shirley, and requires no answer from this defendant.  To the extent plaintiff contends Count III is applicable to this defendant, it responds as follows.

37.     It is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs numbered 38 and all sub-parts, 39, 40 and all sub-parts, 41, 42 and 43 and therefore denies the same.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor on Count III of plaintiff's Amended Complaint for costs, and for such other relief as the Court deems just and proper.

## ANSWER TO COUNT IV

38.     Count IV of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

39.     In response to paragraph numbered 44 of Count IV, IANTD incorporates its responses and affirmative defenses as set forth above.

7

40.     Count IV of Plaintiff's Amended Complaint appears to be directed at defendant Shirley, and requires no answer from this defendant.  To the extent plaintiff contends Count IV is applicable to this defendant, it responds as follows.

41.     It is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs numbered 45 and all sub-parts, 46, 47, 48 and 49 and therefore denies the same.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor and against defendant on Count IV of plaintiff's Amended Complaint, for costs and for such other relief as the Court deems just and proper.

## ANSWER TO COUNT V

42.     Count V of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

43.     In response to paragraph numbered 50 of Count IV, IANTD incorporates its responses and affirmative defenses as set forth above.

44.     Count V of Plaintiff's Amended Complaint appears to be directed at defendant Shirley, and requires no answer from this defendant.  To the extent plaintiff contends Count V is applicable to this defendant, it responds as follows.

45.     It is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs numbered 51 and all sub-parts, 52, 53, 54 and all subparts, 55 and 56, and therefore denies the same.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor and against defendant on Count V of plaintiff's Amended Complaint, for costs, and for such other relief as the Court deems just and proper.

**ANSWER TO COUNT VI**

46.     Count VI of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

47.     In response to paragraph numbered 57 of Count IV, IANTD incorporates its responses and affirmative defenses as set forth above.

48.     Count V of Plaintiff's Amended Complaint appears to be directed at defendant Shirley, and requires no answer from this defendant.  To the extent plaintiff contends Count V is applicable to this defendant, it responds as follows.

49.     It is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs numbered 58 and all subparts, 59, 60, 61 and 62 and therefore, denies the same.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor and against defendant on Count VI of plaintiff's Amended Complaint, for costs, and for such other relief as the Court deems just and proper.

**ANSWER TO COUNT VII**

50.     Count VII of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

51.     In response to paragraph numbered 63 of Count IV, IANTD incorporates its responses and affirmative defenses as set forth above.

52.     It denies the averments in paragraphs numbered 64, 68 and 69.

53.     It is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs numbered 65, 66 and 67, and therefore, denies the same.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor and against defendant on Count VII of plaintiff's Amended Complaint, for costs, and for such other relief as the Court deems just and proper.

## ANSWER TO COUNT VIII

54.      Count VIII of Plaintiff's Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

55.      In response to paragraph numbered 70 of Count VIII, IANTD incorporates its responses and affirmative defenses as set forth above.

56.      It denies the averments in paragraphs numbered 71 and all sub-parts, 72 and all sub-parts, 73 and all sub-parts, 74 and 75.

WHEREFORE, defendant International Association of Nitrox Divers, Inc. prays for judgment in its favor and against defendant on County VIII of plaintiff's Amended Complaint costs, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant International Association of Nitrox Divers, Inc. demands a trial by jury on all claims so triable.

/s/  James R. Jarrow

James R. Jarrow USDC #61768
BAKER STERCHI COWDEN & RICE, L.L.C.
1010 Market Street, Suite 1610
St. Louis, Missouri 63101
Phone: (314) 231-2925
Fax: (314) 231-4857
E-mail:  jarrow@bscr-law.com

**Attorneys for Defendant**
**International Association of Nitrox Divers, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2003, a copy of the above and foregoing was served via ECF filing and a copy mailed U.S. mail to the following:

Alvin A. Wolff, Esq.
Alvin Wolff, Jr. & Associates
2726 S. Brentwood Boulevard
Brentwood, Missouri  63144
ATTORNEYS FOR PLAINTFF
CHRISTIANE WIBRAHT

Daniel E. Wilke, Esq.
Wilke & Wilke, P.C.
2708 Olive Street
St. Louis, Missouri  63103-1426
ATTORNEY FOR DEFENDANT
RON SHIRLEY

 /s/ James R. Jarrow_____