IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTIANE WIBRACHT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 403CV01594CEJ |
| RON SHIRLEY, et al, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT IANTD'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER, BECAUSE OF IMPROPER VENUE**

Defendant, the **International Association of Nitrox Divers, Inc.**, (hereafter "**IANTD**") and for its Memorandum in Support of its Motion to Dismiss, or in the Alternative to Transfer, because of improper venue states:

**FACTS**

Plaintiff Christianne Wibracht has filed her Amended Complaint for Wrongful Death against three defendants.  Federal jurisdiction in this cause is based solely on diversity of citizenship.  The plaintiff resides in St. Louis County, Missouri which lies within the statutorily prescribed boundaries of the United States District Court for the Eastern District of Missouri.  **28 U.S.C. § 105**.  Defendant IANTD is a corporation which is a citizen of and has its principal place of business in the State of Florida.  The remaining two defendants are individuals and residents and citizens of the State of Kansas.

According to plaintiff's Amended Complaint, Steven Wibracht died on August 23, 2001 during a scuba diving accident in Roubidoux Cave.  Roubidoux Cave is located near Waynesville, Missouri which lies within the geographic boundaries of Pulaski County, Missouri.  Pulaski County is one of the counties for which the United States District Court for the Western District of Missouri has been assigned responsibilty.  **28**

**U.S.C. § 105**.

In her Amended Complaint, plaintiff alleges that venue is proper in the United States District Court for the Eastern District of Missouri because she lives within this district's boundaries (<u>See</u> **Amended Complaint ¶ 3**) and because the accident occurred within this district's boundaries (<u>See</u> **Amended Complaint ¶ 14**).  Plaintiff is mistaken in the first instance because the residence of the plaintiff is of no moment when establishing venue in actions where jurisdiction is founded solely on diversity of citizenship. **28 U.S.C. § 1391 (a)**.  Plaintiff is also mistaken in the second instance because the accident did not occur within the statutorily prescribed boundaries of the United States District Court for the Eastern District of Missouri, as alleged in her Amended Complaint.  Based on the same Amended Complaint and as set forth above, Plaintiff alleges that the accident occurred in Pulaski County, Missouri, which lies within the statutorily prescribed boundaries of the United States District Court for the Western District of Missouri. **28 U.S.C. § 105**.

## LEGAL STANDARD AND ARGUMENT

Where the district court's jurisdiction is based solely on diversity of citizenship, **28 U.S.C. § 1391 (a)** generally governs the issue of venue in the United States District Courts.  This statute reads in pertinent part:

> **(a) a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in  **** (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ****.**

The other two prescribed options are not available to establish venue in this action because all the defendants do not reside in the same state and there is a district, specifically the Western District of Missouri, in which this action may otherwise be brought. **28 U.S.C. § 1391 (a)(1) and (3)**

Plaintiff's Amended Complaint contains a number of allegations regarding the

2

types of events and omissions allegedly committed individually and collectively by defendants on or about August 23, 2001. According to Plaintiff's Amended Complaint, all of these events and omissions relate to Steven Wibracht's participation in a scuba diving class taught by defendants Ron Shirley and allegedly sponsored by IANTD on August 23, 2001. Said class was being taught at or near Roubidoux Springs, which as set forth in Plaintiff's Amended Complaint lies within the geographical boundaries of Pulaski County, Missouri. Plaintiff further alleges in her complaint that as a direct and proximate result of defendants' conduct at and during a certain scuba dive in Roubidoux Cave on August 23, 2001, Steven Wibracht died. It is not disputed that Mr. Wibracht's death occurred in Pulaski County, Missouri. Consequently, a substantial part, if not all, of the events or omissions giving rise to the plaintiff's claim occurred in Pulaski County, Missouri, which at the time this lawsuit was filed, plaintiff mistakenly believed to lie within the Eastern District of Missouri.

## CONCLUSION

For all the reasons set forth above, defendant International Association of Nitrox Divers, Inc. ("IANTD") states that the only Missouri venue which is proper for this action is the United States District Court for the Western District of Missouri, and therefore prays that this court grant its Motion to Dismiss because of improper venue, or in the alternative, transfer this cause to the United States District Court for the Western District of Missouri.

Respectfully Submitted,


/s/ James R. Jarrow
James R. Jarrow   USDC #61768
BAKER STERCHI COWDEN & RICE, L.L.C.
1010 Market Street, Suite 1610
St. Louis, Missouri 63101
Phone: (314) 231-2925
Fax: (314) 231-4857
E-mail: jarrow@bscr-law.com

**ATTORNEYS FOR DEFENDANT
INTERNATIONAL ASSOCIATION OF NITROX DIVERS, INC.**


# CERTIFICATE OF SERVICE

I hereby certify that on **January 12, 2004**, a copy of the above and foregoing was served via ECF filing and a copy mailed by U.S. mail to the following:

Alvin A. Wolff, Esq.
Alvin Wolf, Jr.  & Associates
2726 S. Brentwood Boulevard
Brentwood, Missouri   63144
**ATTORNEYS FOR PLAINTIFF
CHRISTIANE WIBRACHT**

Daniel E. Wilke, Esq.
Wilke & Wilke, P.C.
2708 Olive Street
St. Louis, Missouri   63103-1426
**ATTORNEY FOR DEFENDANTS
SHIRLEY AND DAVIS**


/s/ James R. Jarrow